IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ISIDRO VEJAR-BARAJAS<br><br>                    Defendant. | CASE NO.  1:05-CR-00112 AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 92) |

    The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in her sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10.  For the following reasons, the Court will deny that motion.

    Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

    However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B):  "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the

defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 130 S.Ct. 2691 (2010).

In this case, the Court found a base a base offense level of 38 for the amount of methamphetamine involved the case, and a criminal history category of IV. The Court then applied a four-level downward  departure for minor role pursuant to U.S.S.G. Section 2D1.1(a)(3)(iii) (2005),[1] a two-level downward departure for a mitigating role pursuant to U.S.S.G. Section 3B1.2, and a three-level downward departure for acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1(a) and (b). Accordingly, the total offense level of 29 provided for a guideline range of 121 to 151. The Court exercised its discretion to sentence the defendant below the guideline range to the mandatory minimum of 120 months as to the defendant's drug trafficking offense. Doc. 67 at 2; *see* 21 U.S.C. 841(b)(1)(A).

Amendment 782 has not reduced the guideline range applicable in the defendant's case.  While the drug quantity table has reduced his base offense level, the bottom of the defendant's sentencing guideline is still the 120-month mandatory minimum sentence pursuant to 21 U.S.C. 841(b)(1)(A). U.S.S.G. 5G1.1(c)(2) (A sentence within the guideline range may not be imposed at a term "less than any statutorily required minimum sentence.")  Therefore, the defendant's sentencing range has not changed.  The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (finding that the final sentencing range was unchanged due to the operation of the grouping rules).

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   April 21, 2015                                  _____
                                                          SENIOR  DISTRICT  JUDGE

---

[1] Renumbered § 2D1.1(a)(5)(iii) (2014).