UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISIDRO VEJAR-BARAJAS,<br><br>Defendant. | No.  1:05-cr-00112-DAD<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)<br><br>(Doc. No. 148) |

On September 6, 2016, 2016, defendant Isidro Vejar-Barajas, proceeding pro se, filed a pro se motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence based upon Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.).[1]  That amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses.  (Doc. No. 148.)

The government has opposed defendant Vejar-Barajas' motion on the grounds that the defendant is still subject to the same 120-month mandatory minimum sentence that was originally imposed following his plea of guilty to Count One of the indictment which charged him with conspiracy to manufacture and distribute 500 grams or more of a mixture containing

---

[1] On September 14, 2016, the court granted the Federal Defender's Office (FDO) ninety days to supplement defendant's *pro se* motion or notify the court that it would not be filing a supplement. (Doc. No. 149.)  On the same date, the FDO filed notice with the court that no supplement to the motion would be filed on defendant's behalf.  (Doc. No. 150.)

1

methamphetamine or 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).  (Doc. No. 152.)[2]  The government also notes that the court previously denied defendant's prior motion under § 3582(c)(2) on this basis on April 21, 2015.  (*See* Doc. No. 121.)  The court agrees with the government's arguments and will therefore deny defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also made Amendment 782 retroactively applicable to previously sentenced defendants.  Nonetheless, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In this case, the sentencing court imposed the mandatory minimum sentence of 120-months under 21 U.S.C. § 841(b)(1)(A) as to the drug trafficking offense to which the defendant had entered a guilty plea.  (*See* Doc. Nos. 67 at 2; 121 at 2.)  The statutory minimum of 120-months for defendant's drug trafficking offense has not changed and is unaffected by Amendment 782.  *See* 21 U.S.C. § 841(b)(1)(A).  By operation of U.S.S.G. § 5G1.1(c)(2), the guideline range cannot be less than the statutory minimum term of imprisonment.  Therefore, Amendment 782 has not reduced the guideline range applicable to this defendant.  The bottom of

---

[2] Pursuant to his plea agreement, defendant also entered a plea of guilty to Count One of an Information charging him with possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) and upon which he was sentenced to a mandatory consecutive term of 60 months imprisonment.  (Doc. Nos. 53, 66 & 67.)  The sentence imposed as to this count is not the subject of defendant's pending motion.

the defendant's sentencing guideline range for the drug trafficking offense to which he pled guilty is still the 120-month mandatory minimum.  Because the pertinent amendment does not result in a different guideline sentencing range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c).  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]").

For the reasons set forth above:

1.) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 148) is denied; and

2.) The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 16, 2016**                    *Dale A. Drozd*
                                                                         UNITED STATES DISTRICT JUDGE